UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT NO. 1-PCD, MEBA PENSION PLAN, and its Trustees, RON DAVIS and ROBERT DORN,<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION<br><br>        Defendant. | Civil Case No. 05-1863<br>Hon. Ricardo M. Urbina |

**DEFENDANT NATIONAL AIR TRAFFIC
CONTROLLERS ASSOCIATION'S ANSWER**

Defendant National Air Traffic Controllers Association, AFL-CIO ("NATCA"), by its counsel, answers Plaintiffs' Complaint as follows:

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to seek to recover contributions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29. U.S.C. §1001, et seq.

2. Defendant admits that the District No. 1-PCD, MEBA Pension Plan ("Plan") is a defined benefit pension plan within the meaning of ERISA Sections 3(2)(A) and 3(41), 29 USC § 1002(2)(A) and 1002(41). Defendant admits that the Plan provides retirement benefits to employees of participating employers in accordance with the Plan of benefits. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 2.

3. Defendant is without sufficient information to admit or deny the allegations in Paragraph 3.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint, except admits

that it is a tax-exempt, federal sector labor organization that was affiliated with District No. 1-PCD, MEBA ("MEBA") during the period of 1990-1997. Defendant admits that current and former NATCA employees have been participants in the Plan. Defendant is without sufficient information to admit or deny the allegation that the Plan's most recent actuarial valuation report is January 1, 2004, which report speaks for itself.

5. Defendant admits that the Court has jurisdiction over the Plaintiffs' claims pursuant to ERISA Section 502, 29 USC § 1132, and that venue is proper pursuant to ERISA Section 502(e), 29 USC § 1132(e), and 28 USC § 1391.

6. Defendant admits that the Plan has been sponsored by MEBA in the past. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 6.

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7.

8. Defendant admits that the Plan has been a multiple employer pension plan that consisted of several tax-exempt employers in the past and has been treated as a single employer pension plan under the Internal Revenue Code ("Code"). Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 8.

9. Defendant admits that tax-exempt entities could make contributions to the Plan without incurring tax penalties. Defendant denies that it had a choice to defer contributions. Defendant denies that it is required to pay all necessary contributions to the Plan in the event that the Plan became less than fully funded. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint (misnumbered as paragraph 8), except Defendant admits that it became affiliated with MEBA in 1990. Defendant admits that NATCA became a participating employer in the Plan effective January

        1, 1990 and that NATCA employees accrued vested benefits under the Plan. Defendant admits that NATCA's Executive Vice President sent a letter dated July 2, 1990 to the Plan, which letter speaks for itself.

11. Defendant is without sufficient information to admit or deny the allegations in Paragraph 11 (misnumbered as paragraph 9).

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint (misnumbered as paragraph 10), except Defendant admits that the Plan is obligated to pay the accrued and vested benefits of employees of organizations that disaffiliated with MEBA to the extent required under the Plan.

13. Defendant admits that it disaffiliated from MEBA in 1997. Defendant admits that the Plan remains responsible for paying benefits to NATCA employees that have accrued vested benefits under the Plan to the extent required under the Plan. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 13 (misnumbered as paragraph 11).

14. Defendant admits that the Plan has notified NATCA annually of amounts that the Plan purports to have assessed against NATCA. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 14 (misnumbered as paragraph 13).

15. Defendant denies the allegations in Paragraph 15 (misnumbered as paragraph 14), except Defendant admits that the Plan's most recent purported assessment dated September 6, 2005 is $537,600.

16. Defendant denies the allegations in Paragraph 16 (misnumbered as paragraph 15).

17. Answering Paragraph 17 of the Complaint (misnumbered as paragraph 16), Defendant repeats and realleges the allegations contained in paragraph 1 through 16 above as if fully set

forth herein.

18. Defendant denies the allegations in Paragraph 18 (misnumbered as paragraph 17).

19. Defendant denies the allegations in Paragraph 19 (misnumbered as paragraph 18).

Except as expressly admitted or denied, Defendant denies all remaining allegations in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state any cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

22. Plaintiffs' claims are barred by estoppel and laches.

**WHEREFORE,** Defendant respectfully requests that this action be dismissed with prejudice and that Defendant be awarded reasonable attorneys' fees, costs, and such other relief as the Court deems appropriate.

October 31, 2005                                  Respectfully submitted,


/s/ _____
Lynn A. Bowers, DC Bar No. 446382
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, D.C. 20036
Telephone (202) 797-8700
Facsimile (202) 234-8231

Attorneys for Defendant NATCA

## CERTIFICATE OF SERVICE

This is to certify that a copy of Defendant's Answer has been served, via United States First Class Mail, on the 31st day of October, 2005, upon the following:

      H. David Kelly, Esq.
      Beins, Axelrod, Gleason & Gibson, P.C.
      1717 Massachusetts Avenue, N.W.
      Suite 704
      Washington DC 20036

                                        /s/ _____
                                      Lynn A. Bowers

H:\Users\LAB\4228\MEBA\answer.wpd