UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT NO. 1-PCD, MEBA<br>PENSION PLAN, and its Trustees,<br>RON DAVIS and ROBERT DORN,<br>1007 Eastern Avenue<br>Baltimore, MD 21202,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL AIR TRAFFIC CONTROLLERS<br>ASSOCIATION, AFL-CIO<br>1325 Massachusetts Ave., NW<br>Washington, DC 20005,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:05-CV-01863 |

_____

## JOINT REPORT TO THE COURT PURSUANT TO RULE 16.3

Pursuant to Paragraph 8 of the Standing Order, this case involves employer

contributions that Plaintiffs allege are owed to a former multiple employer pension plan

which has since become a multiemployer plan.  The Plaintiffs are Ron Davis and Robert

Dorn, who are trustees of the District No. 1 – PCD, MEBA Pension Plan ("Plan") and the

Plan itself.  The Defendant National Air Traffic Controllers Association, AFL-CIO, is a

former participating employer in the Plan.  Plaintiffs allege that the Defendant owes

delinquent contributions on behalf of Defendant's employees and former employees who

are receiving benefits or will receive benefits under the Plan.  Plaintiff alleges that this

action arises from and jurisdiction is proper under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq.  Plaintiffs seek injunctive relief

under section  502(g)(2), 1132(g)(2) for all outstanding payments, interest, attorney fees,

costs, post-judgment interest computed and charged on the entire judgment balance and such relief as the Court deems reasonable.  Defendant contends that the only agreement evidencing the Defendant's obligations under the Plan does not create an obligation that survived the termination of Defendant's participation in the Plan.  Since the Plan was a multiple employer plan, not a multiemployer plan, at the time of Defendant's participation in the Plan, Defendant contends that the statutory provisions applicable to this case are those applicable to multiple employer plans.  Under those provisions, Defendant contends that there is no statutory basis for a contribution obligation that survives Defendant's  termination of participation in the Plan.  Further, Defendant contends that the Plaintiffs are not entitled to the relief sought under Section 502(g)(2) of ERISA because those provisions do not apply to multiple employer plans and the Plan was a multiple employer plan at the time Defendant was a participating employer.

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on January 5, 2005 at 1625 Massachusetts Ave., NW, Ste 450, Washington D.C. 20036, and was attended by: David Kelly and Anh-Viet Ly for plaintiff(s) and Lynn Bowers for defendant. Pursuant to Rule 16.3 of this Court, the parties hereby submit this Joint Report concerning the thirteen specific matters set out in Rule 16.3 of this Court.

1. The parties anticipate that it is likely to be the case that this action will be disposed of by dispositive motion and expect that following the conclusion of discovery, motions for summary judgment will be filed.

2. There is no expectation that any other parties will be joined nor is it expected that their pleadings will be amended.  The parties anticipate that some, though not likely all, factual and legal issues will be narrowed if not agreed upon.

3. The parties do not request that this case be assigned to a magistrate judge for all purposes.

4. Settlement.

   The Parties do intend to actively pursue a settlement and are hopeful that this matter will settle. At this time, Plaintiffs are awaiting a settlement proposal from Defendant and it is therefore not feasible at this time for the parties to evaluate the realistic likelihood of a settlement. The parties anticipate that they will be better able to evaluate settlement after the close of discovery.

5. At this time, the parties are not in a position to determine whether the case could benefit from the Court's alternative dispute resolution procedures.

6. The parties anticipate that it is likely that this action will be disposed of by dispositive motions. All potentially dispositive motion should be filed by December 31, 2006. All oppositions will be filed by January 31, 2007 and Replies by February 15, 2007. The parties proposed date for a decision on the motion(s) is May 15, 2007.

7. Pre-discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) no later than Monday, January 23, 2006.

8. Discovery Plan. The parties are not able to reach agreement on a discovery plan at this time.

   a. Subject to Defendant's request to stay discovery pending decision on motions for judgment on the pleadings, the parties agree that discovery will be needed on the subject of the Defendant's status as a former participating employer in the District No. 1 – PCD, MEBA Pension Plan

("Plan") and its obligations under the Plan, if any. This will include actuarial calculations by experts for both Plaintiffs and Defendant.

b.  <u>Plaintiff's Proposed Discovery Plan</u>:

Plaintiffs do not share Defendant's belief that this case can be resolved through submission of motions for judgment on the pleadings, but instead believe that it is necessary that Plaintiffs be permitted to conduct discovery in support of their claims and with respect to Defendant's defenses. Accordingly, Plaintiffs propose as follows:

1.  All discovery shall be commenced in time to be completed by October 31, 2006.

2.  Maximum of 25 interrogatories by each party to any other party.

3.  Maximum of 10 depositions by plaintiffs and defendant.

4.  Each deposition shall be limited to a maximum of 1 day of 7 hours under Fed. R. Civ. P. 30(d)(2).

c.  <u>Defendant's Proposed Discovery Plan</u>:

Defendant believes that one or more of Defendant's defenses may resolve the case on a motion for judgment on the pleadings, without the need for discovery, and suggests that discovery be delayed until the Court rules on such a motion. Defendant suggests a proposed date of March 31, 2006 for submission of motions for judgment on the pleadings, with oppositions to such motions due on April 30, 2006 and replies due on May 15, 2006, with the timeframe for discovery to begin 30 days after the Court's decision on such motions and proceed with the same amounts of time as proposed by Plaintiffs,

with the dates adjusted accordingly.  Defendant agrees with the amount of

time under Plaintiffs' proposal for each phase of discovery.

9.  a.  Plaintiffs' Proposal for Reports from retained experts under Rule 26(a)(2) due:

  1.  From plaintiffs by June 30, 2006,

  2.  From defendant by July 31, 2006.

  3.  Depositions of experts to taken by September 30, 2006.

 b.  Defendant proposes that Reports from retained experts under Rule 26(a)(2) be

delayed according to Defendant's proposal in item 8.  However, Defendant

agrees with the amount of time under Plaintiff's proposal for this phase of

discovery.

10. No class action is anticipated.

11. Plaintiffs do not expect that trial or discovery will require bifurcation.  As noted

in number 8, Defendant believes that one or more of Defendant's defenses may

resolve the case on a motion for judgment on the pleadings, without the need for

discovery, and suggests that discovery be delayed until the Court rules on such a

motion.

12.  A Pretrial conference should be set 60 to 90 days after the Court rules on

dispositive motions.

13. The court should set a date for the trial at the first scheduling conference.

Respectfully submitted,

/s/_____
H. David Kelly, Jr. (DC Bar # 471254)
Beins, Axelrod, Gleason & Gibson, P.C.
1717 Massachusetts Avenue, N.W., Ste 704
Washington, D.C. 20036-2001
202-328-7222
202-328-7030 (fax)

Counsel for the Plaintiffs

/s/_____
Lynn A. Bowers (DC Bar # 446382)
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W., Ste. 450
Washington D.C. 20036
202-797-8700
202-234-8231 (fax)

Counsel for Defendant