UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT NO. 1-PCD, MEBA PENSION PLAN, and its Trustees, RON DAVIS and ROBERT DORN,<br><br>            Plaintiffs,<br><br>v.<br><br>NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION<br><br>            Defendant. | Civil Case No. 05-1863<br>Judge Ricardo M. Urbina |

**DEFENDANT NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant National Air Traffic Controllers Association, by counsel, moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and submits this Memorandum of Points and Authorities in Support of its Motion for Judgment on the Pleadings.

**STATEMENT OF FACTS**

1.    The Plaintiffs, District No. 1-PCD, MEBA Pension Plan ("Plan") and its Trustees Davis and Dorn, bring this action under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, ("ERISA"). Complaint ¶1.

2.    The Plan is a single employer employee pension plan as defined under Sections (3)(2)(A) and 3(41), 29 U.S.C. § 1002(2)(A), (41) of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, ("ERISA"). Complaint ¶¶2, 8.

3.    Defendant National Air Traffic Controllers Association was a participating employer in the Plan from on or about 1990 to 1997. Complaint ¶4; Answer ¶10.

4.    Plaintiffs' Complaint contains only one count. Complaint ¶¶16-18. Under Count I, Plaintiffs allege that NATCA's undertaking to pay its share of normal costs under the Plan in 1990 (as allegedly evidenced by NATCA's July 2, 1990, attached to the Complaint as Exhibit A), constitutes "an enforceable agreement between the Plan and NATCA" pursuant to which NATCA is obligated to pay the sum sought in the Complaint. Complaint ¶17.

5.    Plaintiffs allege that the Court has jurisdiction under ERISA Sections 502(a)(3), (d), (e), and (f), 29 U.S.C. § 1132(a)(3), (d), (e), and (f). Complaint ¶5.

6.    ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a plan fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

7.    ERISA Section 502(d), 29 U.S.C. § 1132(d), provides that a plan may sue or be sued under ERISA as an entity, Section 502(e), 29 U.S.C. § 1132(e), provides for exclusive jurisdiction of the federal courts for actions under ERISA (and concurrent jurisdiction with the state courts for claims for benefits, not relevant here), and Section 502(f), 29 U.S.C. § 1132(f), provides that the federal district courts have jurisdiction to grant the relief provided under Section 502(a)(3).

8.    Plaintiffs' Complaint seeks relief under Section 502(g)(2) of ERISA. Complaint p. 7. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides, in pertinent part, as follows:

> In any action under this title by a fiduciary for or on behalf of a plan *to enforce section 515* in which a judgment in favor of the plan is awarded, the court shall award the plan . . . .

(Emphasis supplied).

9. Section 515 of ERISA, 29 U.S.C. § 1145, provides as follows:

> Every employer who is obligated to make contributions *to a multi-employer plan* under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

(Emphasis supplied).

10. The term "multiemployer plan" is defined under Section 3(37) of ERISA, 29 U.S.C. § 1002(37), as a plan to which more than one employer contributes pursuant to one or more collective bargaining agreements.

11. The term "single employer plan" is defined under Section 3(41) of ERISA as "an employee benefit plan other than a multiemployer plan."

## ARGUMENT

A motion for judgment on the pleadings is granted if the moving party demonstrates that there are no material facts in dispute and the movant is "entitled to judgment as a matter of law." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992), quoting, *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988). Similar to a motion to dismiss a claim under Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations in the complaint as true but should dismiss the claim if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *United Parcel Service, Inc. v. Int'l Bhd. of Teamsters*, 859 F.Supp. 590, 593 (D.D.C. 1994) (internal citations omitted). Thus, the legal standard that applies "is essentially the same as a motion to dismiss." *In re United Mine Workers of America*

*Employee Benefit Plan Litigation*, 854 F.Supp. 914, 915 (D.D.C. 1994). However, even assuming that Plaintiffs' factual allegations are true, Plaintiffs' Complaint fails as a matter of law.

Plaintiffs' Complaint states that the Plaintiff Plan is a single employer plan as defined under ERISA Section 3(41). Complaint ¶2, 8. ERISA Section 3(41) defines a single employer plan as "an employee benefit plan other than a multiemployer plan." However, Plaintiffs seek relief only under ERISA Section 502(g)(2), which provides a cause of action *to enforce ERISA Section 515*. ERISA Section 515 provides that an employer who is obligated under the terms of the plan or under the terms of a collectively bargained agreement to make contributions *to a multiemployer plan* is required to make such contributions in accordance with the plan or collective bargaining agreement. Thus, the Complaint seeks relief under Sections 515 and 502(g)(2) of ERISA, but these provisions apply only to multiemployer plans. The Complaint states that the Plan is a single employer plan. Thus, the plain language of the Plan's Complaint seeks relief not available to it. The Complaint seeks no other relief.

Congress enacted the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), which includes Sections 502(g) and 515, to enhance the ability of multiemployer plans to collect delinquent contributions and to provide for a mechanism to collect withdrawal liability from employers that cease to contribute to a multiemployer defined benefit pension plan. These provisions are simply not applicable to single employer plans. *See, e.g., Phila. Journal, Inc. v. Teamsters Pension Trust of Phila. & Vicinity*, 1989, U.S. Dist. LEXIS 4727 (E.D. Pa.1989)(MPPAA withdrawal liability provisions are applicable only to multiemployer, not single employer, plans).

There can be no factual dispute that the Plan is not a multiemployer plan. The Complaint itself states that the Plan is a single employer plan as defined in ERISA Section 3(41). Complaint ¶2. ERISA Section 3(41), 29 U.S.C. 1002(41), states that a single employer plan is a plan "other than a multiemployer plan." Thus, the statutory definitions of single employer plan and multiemployer plan are mutually exclusive. Therefore, the Plaintiffs' assertion that the Plan is a single employer plan under ERISA Section 3(41) precludes it from being a multiemployer plan under ERISA Section 3(37).[1]

Plaintiffs' Complaint also, as a jurisdictional basis, cites ERISA Sections 502(d),29 U.S.C. § 1132(d), (a plan may sue or be sued under ERISA as an entity), Section 502(e), 29 U.S.C. § 1132(e), (exclusive jurisdiction of the federal courts for certain actions under ERISA), and Section 502(f), 29 U.S.C. § 1132(f), (federal district courts have jurisdiction to grant the relief provided under Section 502(a)(3)). Complaint ¶ 5. None of these provisions provide a cause of action under ERISA. Plaintiffs cite ERISA Sections 502(a)(3),29 U.S.C. § 1132(a)(3) as a jurisdictional basis as well. Complaint ¶ 5. Although Plaintiffs do not allege a cause of action under ERISA Section 502(a)(3) or seek relief pursuant to this Section, even if Plaintiffs' Complaint could be read to do so, Plaintiffs' Complaint still would fail to state a claim for which relief could be granted.

ERISA Section 502(a)(3) authorizes a plan fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title

---

[1] For purposes of the Internal Revenue Code ("Code"), in the past (and during the period when NATCA participated) the Plan was a multiple employer pension plan and it now is a single employer pension plan. Complaint ¶8. Multiple employer plans are different than multiemployer plans and are subject to different funding and other rules under the Code than multiemployer plans. These rules are not at issue here.

or the terms of the plan." The Supreme Court considered the relief available under this section in *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204 (2002). In *Great West*, the Supreme Court held that Section 502(a)(3) does not authorize imposition of personal liability for payment of money damages. *Great West* involved an ERISA health plan that sought repayment of claims paid as a result of an accident when the beneficiary obtained a recovery. The plan brought suit under Section 502(a)(3) to enforce a plan provision that required reimbursement of claims paid if the beneficiary obtained a recovery. The Court held that "appropriate equitable relief" does not include money damages because such damages are legal in nature, not equitable.

Further, the Court is without authority to craft a remedy where there is none in ERISA. As the D.C. Circuit has stated

> Where a statute has a "comprehensive and reticulated" remedial scheme, we are reluctant to authorize additional remedies; Congress' care in formulating such a "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *U.S. v. Philip Morris USA Inc.*, 396 F.3d 1190, 1200 (D.C. Cir. 2005), quoting, *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 251, 254, (1993)) (internal quotations omitted) (emphasis in original).

Based on *Great West*, the Court has no jurisdiction under Section 502(a)(3) to award money damages to Plaintiffs. As discussed above, Section 502(g)(2) is inapplicable to single employer plans, such as the Plan. As a result, the only two potential ERISA claims stated in Plaintiffs' Complaint fail as a matter of law. Further, under *Philip Morris* and *Mertens*, the Court cannot craft an additional remedy that would afford Plaintiffs the relief requested. For the above reasons, Defendant NATCA respectfully requests that the Court dismiss the Plaintiffs' Complaint, with prejudice, and award NATCA its attorneys' fees and costs.

April 10, 2006                                              Respectfully submitted,


/s/ _____
Lynn A. Bowers, DC Bar No. 446382
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, D.C. 20036
Telephone (202) 797-8700
Facsimile (202) 234-8231

Attorneys for Defendant NATCA